# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **UNITED STATES OF AMERICA,** *et al.*, | * | |
| *ex rel.* **MATTHEW A. FITZER, M.D.,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| **v.** | * | **Civil Case No. 1:17-cv-00668-SAG** |
| | * | |
| **ALLERGAN, INC.,** *et al.* | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

On August 23, 2022, this Court entered a memorandum opinion and order denying in part the motion filed by Defendants Allergan, Inc. ("Allergan") and Apollo Endosurgery, Inc. (individually, "Apollo" and collectively with Allergan "Defendants"), to dismiss Relator Matthew A. Fitzer, M.D.'s ("Relator's") Fourth Amended Complaint ("FAC"). ECF 140, 141. Defendants have now filed a motion to certify that order for immediate interlocutory appeal and to stay this case pending resolution of that appeal. ECF 144. The Relator has opposed the motion, ECF 149, and Defendants have filed a reply. ECF 153. This Court has reviewed all of these filings and has determined that no hearing is necessary. Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, Defendants' motion will be denied and a scheduling order will issue.[1]

## I.   LEGAL STANDARD

The parties agree on the legal standard governing whether certification for interlocutory appeal is appropriate. *See* ECF 144-2 at 5–6; ECF 149 at 12. A district court may exercise its discretion to certify an order for interlocutory appeal where (1) the order involves "a controlling

---

[1] This Court will dispense with a summary of the factual background of this case, which has been summarized in several of its prior opinions.

question of law," (2) there is "substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b); *Kennedy v. St. Joseph's Ministries, Inc.*, 657 F.3d 189, 195 (4th Cir. 2011).

Interlocutory appeal is intended to be an extraordinary remedy.  As the Fourth Circuit has explained, it should be granted "sparingly and . . . [§ 1292(b)'s] requirements must be strictly construed."  *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989).  Unless "*all* of the statutory criteria are satisfied . . . 'the district court may not and should not certify its order . . . for an immediate appeal under section 1292(b).'"  *Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 452 (D. Md. 2015) (emphasis in original) (quoting *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000)).  "Even if the requirements of section 1292(b) are satisfied, the district court has 'unfettered discretion' to decline to certify an interlocutory appeal if exceptional circumstances are absent."  *Manion v. Spectrum Healthcare Res.*, 966 F. Supp. 2d 561, 567 (E.D.N.C. 2013) (citation omitted).  Ultimately, "[t]he decision to certify an interlocutory appeal is firmly in the district court's discretion."  *Randolph v. ADT Sec. Servs., Inc.*, Civ. No. 09-1790, 2012 WL 273722, at *5 (D. Md. Jan. 30, 2012).  In other words, district courts are permitted, not required, to certify an interlocutory appeal in certain extraordinary situations.

## II.   ANALYSIS

The question of law Defendants seek to certify for interlocutory appeal determines the appropriate standard of causation for False Claims Act ("FCA") claims premised on the Anti-Kickback Statute ("AKS").  ECF 144-2 at 5.  In this Court's memorandum opinion, ECF 140, it held that the AKS did not impose a but-for causation requirement, and instead adopted a less demanding standard requiring that the alleged kickback "actually sat in the causal chain" resulting in a false claim being filed.  *Id.* at 19.  In so holding, this Court explained why it disagreed with a

2

recent contrary holding by the United States Court of Appeals for the Eighth Circuit.  *See* ECF 140 at 19–21 (discussing *United States ex rel. Cairns v. D.S. Med. LLC*, 42 F.4th 828, 834 (8th Cir. 2022)).

Applying the three § 1292(b) factors to that causation question, a "controlling question of law" is typically a question as to the "meaning of a statutory or constitutional provision, regulation, or common law doctrine," as opposed to "questions of law heavily freighted with the necessity for factual assessment." *Butler*, 307 F.R.D. at 452 (quoting *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 623 (D. Md. 2013)); *see also Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, 1989 WL 42583, at *5 (4th Cir. 1989) (unpublished table decision) ("Certainly the kind of question best adapted to discretionary interlocutory review is a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes.").  A "question also may be controlling 'if interlocutory reversal might save time for the district court, and time and expense for the litigants.'"  *Coal. for Equity and Excellence in Md. Higher Educ. v. Md. Higher Educ. Comm'n*, Civ. No. 06-2773, 2015 WL 4040425, at *4 (D. Md. June 29, 2015) (quoting 16 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 3930 (3d ed. 2021)); *see also  LaFleur v. Dollar Tree Stores, Inc.*, Civ. No. 12-0363, 2014 WL 2121721, at *2 (E.D. Va. May 20, 2014) (alteration in original) (citation omitted) ("A question of law is not controlling if litigation will 'necessarily continue regardless of how that question [is] decided.'"); *see, e.g.*, *In re Smith & Nephew Birmingham Hip Resurfacing Hip Implant Prod. Liab. Litig.*, No. 1:17-MD-2775, 2019 WL 6345746 (D. Md. Nov.

26, 2019) (scope of statute and application to plaintiffs' claims not controlling where several claims would survive regardless of interlocutory appeal).[2]

This Court views the "controlling question of law" factor as neutral.  Application of the but-for causation standard is a purely legal question, specifically a question of statutory interpretation, and is not dependent on the facts of this case.  However, this question of law must be "controlling."  Indeed, the outcome of this case could be determined, or litigation costs could be saved, if (1) the Fourth Circuit were to determine that the but-for causation standard should apply, (2) this Court were to rule that the allegations in the FAC did not meet that standard, and (3) Relator were to decline to seek to amend the FAC to meet the more stringent requirements. But that outcome requires several levels of speculation, and the course of this litigation so far does not suggest that Relator would forgo an opportunity to file a Fifth Amended Complaint to try to satisfy the new standard.  Also, "it is entirely possible that, following discovery and supplemental briefing and the Court's consideration . . . [the Plaintiff's] claims may well be eliminated before trial, without the need for interlocutory intervention by the Fourth Circuit."  *See Fitch v. Maryland*, No. 18-CV-2817, 2022 WL 2106101, at *4 (D. Md. June 10, 2022).  Any saved effort or expenditure, then, may or may not come to fruition.

The second factor, regarding the existence of a "substantial difference of opinion" on AKS causation, has arguably been met.  Although the weight of the case law is not evenly distributed and this Court's ruling accords with the majority, courts have come down on both sides of the issue of whether but-for causation is required.

---

[2] The Relator also argues that this case will continue regardless of any appellate ruling, because the FAC includes an alternative theory of FCA liability, false certification.  ECF 149 at 20–22. This Court need not reach that issue because of its rulings below.

However, this Court finds that the third factor, whether an immediate appeal would materially advance the litigation, cuts against allowing the appeal.  As noted above, it appears likely that even if the Fourth Circuit rules for Defendants, the Relator would simply seek to amend the FAC to meet the new pleading standard.  Alternatively, if the Fourth Circuit agrees with this Court (and the majority of other courts) and rules against the Defendants' preferred standard, the case will just proceed to discovery after a lengthy delay.  This case is nearly a decade old already, having been filed initially on November 26, 2013.[3]  ECF 1.  The issue sought to be appealed, then, is not sufficiently determinative to "materially advance" the litigation, and considerations of judicial efficiency suggest that discovery is the best way to move the case towards eventual disposition.

Moreover, for the same reasons, even if all three § 1292(b) factors had been satisfied, this Court would decline to exercise its broad discretion to permit the extraordinary remedy of interlocutory appeal.  While this Court understands the risk that a future appellate decision could theoretically require the entire matter to be re-litigated, it is confident enough in its causation ruling to prioritize moving this nearly decade-old case towards a more expeditious resolution.  The Court is therefore issuing a scheduling order, allowing discovery to commence.

### III.    CONCLUSION

For the reasons set forth above, Defendants' motion to certify order for immediate appeal and for stay, ECF 144, will be DENIED.  A separate order accompanies this opinion, along with a scheduling order to govern these proceedings.

---

[3] This Court acknowledges that the age of this case is not the fault of the Defendants.  However, the fact remains that the records and witness recollections relevant to this case are already almost ten years old, and are becoming more temporally remote by the day.  There is a significant interest, then, in allowing discovery to move forward so that existing recollections can be preserved.

Dated: October 17, 2022                                                    /s/

                                                 Stephanie A. Gallagher
                                                 United States District Judge